Van Brunt, P. J.
This action was brought for the purpose of redeeming the premises, therein mentioned, from a bond and mortgage thereon by paying the amount duo thereon and obtaining a satisfaction piece of said bond and mortgage.
The complaint alleged that the mortgage in question was given to one, Jabez H. Hazard, as trustee, under the last will and testiment of Eliza Eagle, deceased; that said trustee died in December, 1887, and that in February, 1888, the surrogate’s court assumed to appoint the defendant, Albert W. Seaman, testamentary trustee, in the place of said Hazard, deceased, and that said Seaman entered upon the discharge of his duties as such trustee; that, prior to th.e commencement of this action, the plaintiff tendered to the defendant, Seaman, the amount of the mortgage with interest thereon, but the defendant refused to receive the same or to deliver up the bond and mortgage to be can-celled, alleging that the said bond and mortgage were in the custody of the defendant, Theodore K. Hazard, who declined to surrender the same. The defendant, Hazard, answering the complaint, alleged that Jabez H. Hazard, the trustee mentioned in the complaint, was not appointed under the will of Eliza Eagle, deceased, but by an order of the supreme court, in place of the trustee appointed by said will; and that said Jabez H. Hazard died and the defendant, Theodore K. Hazard, was duly appointed administrator of said Jabez H. Hazard, and that said trust, upon the death of Jabez H. Hazard, vested in the supreme court, and can only be acquired or executed by a trustee appointed by the supreme court, and that the order made by the surrogate’s court appointing the defendant, Seaman, as trustee, was without jurisdiction and void.
And said Theodore K. Hazard further answered that he *562 had duly commenced an action in the supreme court for an accounting in respect to the trust funds, and that in April, 1888, upon the application of the defendant Seaman an order was made by the surrogate’s court calling upon said defendant Hazard to account in that court; and it was ordered that until the settlement of the account, or the further order of that court, he retain possession of the papers of said estate to enable him to make up his accounts, etc.
Upon these pleadings a motion was made for judgment, and the court ordered and adjudged that upon payment by the plaintiff to Seaman as testamentary trustee under the last will of Eliza Eagle, deceased, of the amount due on the mortgage, that said Seaman deliver to the plaintiff the usual satisfaction piece, and that the plaintiff have delivered up to him by whosoever holds possession thereof, the said bond and mortgage, and all deeds and papers relating to the mortgaged premises.
Some point was raised in regard to the form of this application upon the argument„of this appeal. This question -cannot now be discussed because the defendants submitted themselves to the jurisdiction of the court, and made no objection to the manner in which the application was made, and consequently cannot now raise the objection, no such objection appearing upon the record.
It is not necessary to determine whether the defendant Seaman was duly appointed by the surrogate as trustee, or whether the surrogate had no power to make such appointment. If the surrogate had power to make such appointment, then the judgment of the court was proper in that he was the testamentary trustee and should satisfy the mortgage. If, however, the trust devolved upon the supreme court, and the supreme court was the trustee, it had a right to execute the trust by some person appointed for that purpose, and to. direct Mr. Seaman, as its officer •or agent, to satisfy the mortgage and receive payment thereof, and, therefore, by the judgment which the court has rendered, it has-executed the trust reposed in it in the manner provided by statute.
It seems to be reasonably clear that the defendant, Hazard^ should not be permitted to stand in the way of a satisfaction of this mortgage which the mortgagor desires to pay ■off, and that the contest between these rival trustees should not compel the plaintiff to keep this mortgage upon his premises, and it was eminently proper for the court upon this state of facts to have rendered the judgment which it did, whether Seaman was or was not duly appointed trustee by the surrogate’s court.
As already said, if he was so duly appointed trustee, the *563 payment was directed to be made to the proper person. If he was not so duly appointed, the court was executing the trust reposed in it in the manner prescribed by statute, and was consequently authorized to make the judgment, and the same should be affirmed, with costs.
Bartlett, J., concurs.